UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KYNTREL TREVYONE JACKSON,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY M. THRASHER, et al.,<br><br>Defendants. | CASE NO. 3:20-CV-5016-BHS-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: August 21, 2020 |

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Defendants Jeri Boe, Dale Caldwell, Dennis Dahne, Ronald Frederick, Stephen Sinclair, and Timothy Thrasher filed a Motion for Judgment on the Pleadings ("Motion") on June 2, 2020. Dkt. 27. [1][2]

---

[1] The Motion was not filed on behalf of the Doe defendants who have not been identified or Defendants Henry, Aurich, Fernelius, and Curry. *See* Dkt. In this Report and Recommendation, the term "Defendants" refers to Defendants Boe, Caldwell, Dahne, Frederick, Sinclair, and Thrasher.

[2] Plaintiff also filed a Motion for Defendants to identify the Jane/John Does, which the Court will address in a separately filed order. Dkt. 29

REPORT AND RECOMMENDATION - 1

1    The Court finds Plaintiff sufficiently alleged Defendant Boe personally participated in
2  denying Plaintiff soap when she responded to his grievance and failed to prevent any future
3  harm. The Court recommends Defendants' Motion be denied as to Plaintiff's claim against
4  Defendant Boe based on the alleged denial of soap. The Court recommends granting Defendants'
5  Motion but allowing Plaintiff leave to amend his complaint with respect to his Eighth
6  Amendment claims against Defendants Thrasher, Sinclair, Boe, Dahne, Frederick, and Caldwell
7  related to the denial of adequate food and against Defendants Thrasher, Sinclair, Dahne,
8  Frederick, and Caldwell related to the denial of soap. The remainder of Plaintiff's claims against
9  Defendants Thrasher, Sinclair, Boe, Frederick, Dahne, and Caldwell fail as a matter of law, and
10 the Court recommends granting Defendants' Motion as to those claims without leave to amend.

**BACKGROUND**

12   Plaintiff, who is currently incarcerated at Stafford Creek Corrections Center ("SCCC"),
13 alleges Defendants violated his rights under the First, Eighth, and Fourteenth Amendments when
14 he was denied soap, two meals, and supplemental food while housed at Clallam Bay Corrections
15 Center ("CBCC") Intensive Management Unit ("IMU"). Dkt. 5.

16   On June 2, 2020, Defendants filed the Motion alleging Plaintiff failed to show they
17 personally participated in any alleged violation of Plaintiff's constitutional rights and there is no
18 supervisory liability under § 1983. Dkt. 27. Plaintiff filed a Response to the Motion on June 11,
19 2020. Dkt. 30. Defendants filed a Reply on June 22, 2020. Dkt. 31. [3]

---

[3] Plaintiff attached several exhibits to his Response to Defendants' Motion. Dkt. 30. In considering a motion for judgment on the pleadings or motion to dismiss, the Court will only consider the contents of the operative complaint. *See Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 899 (9th Cir. 2007) (when ruling on a motion to dismiss, the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice" (citation and quotation marks omitted)). Therefore, the Court will not consider any of Plaintiff's exhibits filed in support of his responses to the Motion. The Court will consider only the allegations contained in the Complaint and the exhibits attached. Dkt. 5; *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) ("In ruling on a 12(b)(6) motion, a court may generally consider only

**STANDARD OF REVIEW**

Defendants move for dismissal of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(c). Dkt. 27. A motion for a judgment on the pleadings "is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. County of Los Angeles,* 179 F.3d 698, 699 (9th Cir. 1999). Because a Rule 12(b)(6) motion to dismiss and a Rule 12(c) motion are functionally identical, the motion to dismiss standard applies to Rule 12(c) motions. *Dworkin v. Hustler Magazine Inc.,* 867 F.2d 1188, 1192 (9th Cir. 1989).

A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level". *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 556, 570).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted). However, the pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

---

allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice.").

1      While the Court must accept all the allegations contained in a complaint as true, the Court
2 does not have to accept a "legal conclusion couched as a factual allegation." *Id.* "Threadbare
3 recitals of the elements of a cause of action, supported by mere conclusory statements, do not
4 suffice." *Id.*; *Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984)
5 (vague and mere conclusory allegations unsupported by facts are not sufficient to state section
6 1983 claims); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). While the Court is to construe
7 a complaint liberally, such construction "may not supply essential elements of the claim that
8 were not initially pled." *Pena*, 976 F.2d at 471.

## PLAINTIFF'S ALLEGATIONS

10     Plaintiff asserts while housed in the CBCC IMU he was denied soap and adequate food.
11 Dkt. 5. Plaintiff also challenges the grievance process. *See* Dkt. 5.
12     Plaintiff alleges he is allergic to the soap provided in the CBCC IMU. Dkt. 5. He alleges
13 he asked medical staff for hypoallergenic soap, but his request was denied. *Id.* Plaintiff alleges he
14 tried to purchase soap from the IMU store but the soap he needs is not available. Dkt. 5 at 7-8.
15     Plaintiff generally alleges he was denied "adequate food" for over 100 days. Dkt. 5 at 7.
16 Specifically, Plaintiff alleges he missed two meals and wanted to purchase supplemental food
17 from the IMU store. Dkt. 5 at 9. Plaintiff alleges the IMU store does not supply the type of food
18 to meet his daily nutritional needs. Dkt. 5 at 9.

## DISCUSSION

20     In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he
21 suffered a violation of rights protected by the Constitution or created by federal statute, and (2)
22 the violation was proximately caused by a person acting under color of state law. *See Crumpton*
23 *v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to
24

identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

A. <u>Grievance Procedures</u>

Plaintiff alleges his constitutional rights under the First and Fourteenth Amendment were violated when his grievances were denied. Dkt 5 at 10-11. Defendants argue Plaintiff has failed to allege personal participation and failed to allege a specific right to participate in the grievance process. Dkt. 27 at 6-9, 12-13.

"It is well-established that, among the rights [prisoners] retain, prisoners have a First Amendment right to file grievances." *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). Further, even during incarceration, prisoners retain their Fourteenth Amendment due process protections. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). However, "[t]here is no legitimate claim of entitlement to a [prison] grievance procedure." *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). Inmates "lack a separate constitutional entitlement to a specific prison grievance procedure," and so a stand-alone claim based on a deprivation of the grievance procedure does not implicate due process. *Ramirez*, 334 F.3d at 860 (citing *Mann*, 855 F.2d at 640).

The following allegations are based on Plaintiff's Complaint and copies of his grievances attached to the Complaint. *See* Dkt. 5. Plaintiff filed Grievance No. 19682351 regarding his alleged lack of access to soap. Dkt. 5 at 78. After a rewrite, non-party Grievance Coordinator K. Price told Plaintiff to sign up for sick-call. Dkt. 5 at 81. K. Price also advised Plaintiff the IMU store list is governed by DOC headquarters and CBCC IMU does not have the authority to

change items on the list. Dkt. 5 at 81. Plaintiff appealed the decision to Level 2. Dkt. 5 at 83. On August 29, 2019, because Plaintiff attempted to introduce new issues, Defendant Dahne returned the appeal to Plaintiff by Defendant Dahne with instructions to rewrite. The rewrite was due within five days—by September 5, 2019. Dkt. 5 at 83 (signed by non-party K. Thomas).

On September 10, 2019, K. Thomas determined the appeal was abandoned and administratively withdrew the grievance. Dkt. 5 at 84, 86. On September 11, 2019, Plaintiff submitted the rewritten appeal dated September 5, 2019. Dkt. 5 at 84, 86. K. Thomas informed Plaintiff the rewritten appeal would not be accepted because the grievance was closed. Dkt. 5 at 84. Plaintiff sent a letter to the Grievance Program Manager, Defendant Caldwell, at DOC Headquarters. Dkt. 5 at 85. In the letter, Plaintiff alleges he received the request to rewrite the appeal on September 5, 2019, the day it was due. Dkt. 5 at 85. Plaintiff's request to reopen the appeal was denied. Defendant Frederick, on behalf of Defendant Caldwell, notified Plaintiff of the decision in a letter. Dkt. 5 at 86. Defendant Frederick stated Defendant Dahne picked up grievances in Plaintiff's unit on September 6, 2019, but Plaintiff's rewrite was not there, indicating Plaintiff had backdated his appeal in an attempt to make it appear Plaintiff had submitted it within the allowed timeframe. *Id.*

Plaintiff submitted a separate grievance about the grievance process itself, Grievance No. 19689223. Dkt. 5 at 10, 75. Defendant Dahne responded to the grievance and provided Plaintiff with information about the grievance process. Dkt. 5 at 75. Based on the allegations in the Complaint, it does not appear that Plaintiff further appealed Grievance No. 19689223.

Here, Plaintiff alleges his grievances were unlawfully rejected. Dkt. 5. Plaintiff does have a right to file grievances. *Brodheim,* 584 F.3d at 1269. However, he does not have a right to any specific grievance process. *Ramirez,* 334 F.3d at 860. Plaintiff has alleged that his grievances

were wrongfully denied – however, the allegations indicate Plaintiff was able to access the grievance process, he filed several grievances that were addressed through the appeals process. Simply because Plaintiff disagrees with the disposition of his grievances and appeal does not indicate any constitutional violation or wrongdoing on the part of Defendants. Because Plaintiff has no standalone right to any particular grievance process, he has not stated a claim. Therefore, the Court recommends Defendants' Motion be granted as to this claim.

### B. Conditions of Confinement

Plaintiff alleges he missed two meals and was denied supplemental food and hypoallergenic soap. Dkt. 5. Defendants contend Plaintiff has failed to allege personal participation of Defendants Thrasher, Sinclair, and Boe. Dkt. 27. Defendants argue Plaintiff has not alleged any Eighth Amendment violations against Defendants Frederick, Caldwell, or Dahne. Dkt. 27 at 12.

Prison officials are required to provide inmates with adequate shelter, food, clothing, sanitation, medical care, and personal safety. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (citing *Farmer v. Brennan*, 511 U.S. 825 (1994)). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, *id.* (citing *Wilson*, 501 U.S. at 297). The Eighth Amendment governs the "treatment a prisoner receives in prison and the conditions under which he is confined ..." *Helling v. McKinney*, 509 U.S. 25, 31 (1993).

1  *1. Denial of Food*

2  Plaintiff generally complains he was denied "adequate food" for over 100 days by
3  Defendants Thrasher, Boe, Frederick, Caldwell, Dahne, and Sinclair. Dkt. 5 at 7. Plaintiff
4  specifically alleges he missed lunch twice, on April 16, 2018 and April 8, 2019, and has
5  difficulty supplementing his dietary needs through the IMU store. Dkt. 5 at 9, 64. Plaintiff
6  alleges he complained to Defendant Boe he was being denied supplemental food. Dkt. 5 at 9.
7  Plaintiff alleges Defendant Boe responded to a grievance appeal which indicated the nutritional
8  value of his meals is based on what is served from food services, and not what can be purchased
9  from the commissary. Dkt. 5 at 66. Plaintiff alleges Defendants Thrasher and Sinclair are
10 responsible for the IMU store list. Dkt. 5 at 9-10.

11 "Adequate food is a basic human need protected by the Eighth Amendment." *Keenan v.*
12 *Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996); *see also Foster v. Runnels*, 554 F.3d 807, 812-13 (9th
13 Cir. 2009) (finding the denial of sixteen meals in a twenty-three day period a sufficiently serious
14 deprivation for Eighth Amendment purposes). The Ninth Circuit has held, "[t]he sustained
15 deprivation of food can be cruel and unusual punishment when it results in pain without any
16 penological purpose." *Foster*, 554 F.3d at 814 (citing *Phelps v. Kapnolas*, 308 F.3d 180, 182 (2d.
17 Cir. 2002)). However, "the Eighth Amendment 'requires only that prisoners receive food that is
18 adequate to maintain health.' " *Id.* at 813 n.2 (quoting *LeMaire v. Maass*, 12 F.3d 1444, 1456
19 (9th Cir. 1993)).

20 Here, Plaintiff has failed to allege Defendants personally participated in a constitutional
21 violation. Plaintiff does not allege Defendants were personally involved in Plaintiff missing any
22 meals. *See* Dkt. 5 at 50, 64, 66. Plaintiff provides only generalized statements alleging he missed
23 lunch twice, and he was denied "adequate food" for over 100 days, but he fails to clearly identify
24

1  how Defendants allegedly violated his rights, or clearly state the alleged wrongdoing of each
2  Defendant.

3  Whether a defendant's involvement in the prison grievance process amounts to personal
4  involvement sufficient to state a claim of constitutional deprivation depends on several factors,
5  including "whether, at the time of the grievance response, the violation is ongoing" or instead is
6  continuing, and "whether the defendant responding to the grievance has authority to take action
7  to remedy the alleged violation." *Shaka v. Ryan*, 2015 WL 926192, at *8 (D Ariz. Mar. 4, 2015)
8  (citing *Flanory v. Bonn*, 604 F.3d 249, 256 (6th Cir. 2010); *Bonner v. Outlaw*, 552 F.3d 673, 679
9  (8th Cir. 2009); *Davis-Bell v. Dahne,* 2018 WL 3950436, at *5 (W.D. Wash. July 18, 2018),
10 *report and recommendation adopted sub nom. Bell v. Dahne,* 2018 WL 3918040 (W.D. Wash.
11 Aug. 16, 2018).

12  Here, Plaintiff alleges has not alleged facts demonstrating how responding to a grievance
13 alone would subject Defendant Boe to liability under the Eighth Amendment. Plaintiff asserts
14 Defendant Boe denied his grievance appeal complaining he missed two meals and ongoing
15 difficulty in supplementing his meals with food in the IMU store. However, Plaintiff does not
16 allege Defendant Boe has the authority to make decisions which would remedy missing two
17 meals, which occurred in the past. *See Bradberry v. Nevada Dept. of Corrections*, 2013 WL
18 4702953, at *15-16 (D. Nev. Aug. 30, 2013) (a supervisor cannot be liable for after-the-fact
19 complaint of alleged constitutional violations or after-the-fact knowledge of the event). Plaintiff
20 does not allege Defendant Boe could have prevented any *future* harm and failed to act to prevent
21 any continued suffering. Rather, "[r]uling against a prisoner on an administrative complaint ...
22 about a completed act of misconduct," which "does not cause or contribute to [a constitutional]
23 violation," with actually causing or participating in the constitutional violation itself is not
24

1  sufficient to establish liability. *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). Nor does

2  Plaintiff allege Defendant Boe has the ability to control the food items available for purchase in

3  the CBCC IMU store related to his allegation he has difficulty in supplementing his diet. *See*

4  *Shaka,* 3015 WL 926192 at *8 (no personal involvement if defendant responding to a grievance

5  does not have the authority to take action to remedy the alleged violation).

6        Plaintiff alleges Defendants Thrasher and Sinclair are responsible for the IMU store list,

7  but he has not alleged any facts demonstrating Defendants Thrasher and Sinclair were aware

8  Plaintiff missed any meals or denied supplemental food. *See* Dkt. 5. Without properly alleging

9  actions Defendants Thrasher or Sinclair were aware of any alleged harm and failed to act, Plaintiff

10 has failed to state a claim for which relief can be granted in this action. *See Ashcroft v. Iqbal*, 556

11 U.S. 662, 678 (2009) (the pleading must be more than an "unadorned, the-defendant-unlawfully-

12 harmed-me accusation"); *Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir.

13 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state

14 section 1983 claims). In addition, to the extent Plaintiff generally alleges he was denied adequate

15 food for 100 days, Plaintiff makes vague and conclusory allegations and provides only

16 generalized statements alleging Defendants failed to provide adequate food. Such allegations are

17 insufficient to state a claim under the Eighth Amendment. *See Ashcroft*, 556 U.S. at 678; *Jones,*

18 733 F.2d at 649.

19       Accordingly, Plaintiff has failed to allege Defendants Caldwell, Thrasher, Dahne, Boe,

20 Thrasher, and Sinclair caused or personally participated in the alleged denial of food.[4] As noted

---

[4] Even if Plaintiff had alleged personal participation, case law in the Ninth Circuit indicates missing lunch twice is not sufficiently serious deprivation to state a claim under the Eighth Amendment. *See Foster v. Runnels,* 554 F.3d 807, 812–13 (9th Cir. 2009) (denial of two meals over one month apart constituted "relatively isolated occurrences which do not appear to rise to the level of a constitutional violation[]" but the denial of sixteen meals in a twenty-three day period a sufficiently serious deprivation for Eighth Amendment purposes). Plaintiff does not

below, however, Plaintiff should be given an opportunity to file an amended complaint to allege facts, if he can, demonstrating how Defendants personally participated in the alleged constitutional violation regarding the denial of adequate food.

2. *Denial of Soap*

Plaintiff alleges he was denied soap because the soap provided in IMU caused an allergic reaction. Dkt. 5. Plaintiff alleges he tried to purchase a different type of soap from the IMU store but the soap he needs is not on the list. Dkt. 5 at 7-8. Plaintiff alleges Defendants Sinclair and Thrasher, both DOC executives, are responsible for the IMU store list and items available for purchase. Dkt. 5 at 8. Plaintiff alleges Defendant Boe was involved in the denial of soap because she responded to a grievance appeal. Dkt. 5 at 50.

The Ninth Circuit has held that "[i]ndigent inmates have the right to personal hygiene supplies such as toothbrushes and soap," and that denial of these items could state a claim for lack of sanitation. *Keenan,* 83 F.3d at 1091. Other Circuits have found a temporary deprivation of hygiene supplies does not rise to the level of an Eighth Amendment violation. *See Harris v. Fleming,* 839 F.2d 1232, 1234–36 (7th Cir. 1988) (no violation when inmate was deprived of soap, toothbrush, and toothpaste for ten days), and *Williams v. Delo,* 49 F.3d 442, 444–45 (8th Cir. 1995) (denial of toothbrush, toothpaste, soap, and deodorant for four days was not a deprivation of the minimal civilized nature of life's necessities). Plaintiff alleges that he was without these items for over 100 days, which is presumably longer than a temporary deprivation.

---

allege he was deprived of all food for several consecutive days, he missed several consecutive meals, or he did not receive breakfast or dinner on the two days he allegedly missed lunch. *See Foster*, 554 F.3d at 812-13; *C.f. Dearman v. Woodson*, 429 F.2d 1288, 1289 (10th Cir. 1970) (no food for 50+ hours); *Cooper v. Sheriff of Lubbock Co.*, 929 F.2d 1078, 1082-83 (5th Cir. 1991) (no food for twelve days); and *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999) (infirm plaintiff did not receive food for 3-4 days at a time). Moreover, there is no there is no constitutional right to commissary items. *See Keenan v. Hall,* 83 F.3d 1083, 1092 (9th Cir. 1996) (holding that there is no constitutional right to canteen items).

REPORT AND RECOMMENDATION - 11

Dkt. 5. Thus, at this stage of the pleadings, Plaintiff arguably has met the objective standard necessary to state a claim for a violation of the Eighth Amendment. *See Garcia v. Cluck,* 2012 WL 6045908, at *3 (S.D. Cal. Nov. 2, 2012), *report and recommendation adopted,* 2012 WL 6045937 (S.D. Cal. Dec. 5, 2012) (deprivation of personal hygiene items for an "extended period of time" was more than a temporary deprivation and the plaintiff had met the objective prong of the Eighth Amendment analysis).

      a.   Defendants Thrasher and Sinclair

Plaintiff alleges Defendants Thrasher and Sinclair are liable because of their positions as supervisors and/or DOC executives. Dkt. 5. However, a § 1983 action may not be brought against a supervisor on a theory that the supervisor is liable for the acts of his or her subordinates. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). To state a claim against any individual Defendant, Plaintiff must allege facts showing the individual Defendant participated in or directed the alleged violation or knew of the violation and failed to act to prevent it. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999). Plaintiff has provided only conclusory allegations attempting to connect Defendants Thrasher or Sinclair to the alleged constitutional violations. *See* Dkt. 5. Plaintiff fails to allege any facts demonstrating Defendants Thrasher or Sinclair were aware of Plaintiff's complaints regarding the denial of soap, which other DOC staff responded to. Plaintiff does not allege Defendants Thrasher or Sinclair were on notice Plaintiff was allergic to the IMU soap. Even construing Plaintiff's Complaint liberally, Plaintiff has failed to allege Defendants Thrasher and Sinclair knew he was allergic to the IMU soap and failed to prevent further harm, Plaintiff has failed to allege personal participation against Defendants Thrasher and Sinclair. The Court recommends

Plaintiff's claims against these two Defendants be dismissed. As noted below, however, Plaintiff should be given an opportunity to file an amended complaint to allege facts, if he can, which show personal participation of Defendants Thrasher and Sinclair.

b. Defendant Boe

Plaintiff alleges he filed kites asking for hypoallergenic soap, but his requests were denied, and he was not scheduled for sick call. Dkt. 5 at 6-10. Plaintiff alleges he suffered from scalp issues, pain, coughing up blood, severe headaches, coughing up blood, skin problems, and was told hygiene products are not medically necessary. *Id.* at 8. Plaintiff alleges he wrote a grievance complaining he had sent numerous kites to medical staff about not being able to use the IMU soap and was denied any help. Dkt. 5 at 50. Plaintiff alleges Defendant Boe, CBCC Superintendent, signed the level two grievance response. *Id.* Defendant Boe's response indicates based on her investigation, Plaintiff was examined by a medical provider and had no signs or symptoms of allergies because of the IMU soap, Plaintiff failed to sign up for sick call, and other correctional officers witnessed Plaintiff carrying a used bar of indigent soap in his shower rolls. *Id.* Defendant Boe advised plaintiff to sign up for sick call to be examined if an allergic reaction arose. *Id.*

As indicated above, simply responding to a grievance will not always subject a prison official to liability. *See Shaka,* 2015 WL 926182 at *8. However, Defendants argue a narrow interpretation of Plaintiff's Complaint with respect to Plaintiff's allegations against Defendant Boe and the denial of soap. Here, liberally construing the Complaint, and assuming all allegations are true, Plaintiff has alleged facts demonstrating Defendant Boe responded to a grievance where Plaintiff complained he was not receiving soap and Plaintiff continued to suffer, thereby alleging facts demonstrating Defendant Boe personally participated in the decision to

REPORT AND RECOMMENDATION - 13

continue to deny Plaintiff soap. Dkt. 5 at 6-9, 50. *See King,* 2018 WL 4444058 at *7; *Colwell v. Bannister*, 763 F.3d 1060, 1070 (9th Cir. 2014) (a medical director personally denied the plaintiff's second level grievance which had put him on notice that an optometrist had recommended surgery and that the inmate's lower level grievances had been denied despite the recommendation). The allegations in the Complaint indicate Defendant Boe implicitly approved of the action taken by medical staff and therefore, had some authority to remedy the alleged constitutional violation. Dkt. 5 at 50. *See Snow v. McDaniel*, 681 F.3d 978, 989 (9th Cir. 2012), *overruled on other grounds in Peralta v. Dillard*, 744 F.3d 1076, 1083 (9th Cir. 2014) (warden and associate warden who were aware of grievances regarding the denial of a recommended hip surgery and failed to act to prevent further harm were not entitled to summary judgment.). At this stage, the Court is bound to accept as true all facts as alleged by the non-moving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 1025, 1031 (9th Cir. 2008). Plaintiff must only plead sufficient facts for the Court to find it "plausible" Defendant Boe personally participated in the violation of his rights under the Eighth Amendment. *See Iqbal*, 556 U.S. at 681. Defendant Boe has not shown Plaintiff's set of facts, if proven, would not entitle Plaintiff to relief. *See Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1990)). Although a summary judgment motion may result in a different conclusion, the standard governing a motion for judgment on the pleadings allows the conclusion at this point in the proceedings that Plaintiff has stated facts establishing more than a mere possibility Defendant Boe participated in the violation of Plaintiff's Eighth Amendment rights. *See Twombly,* 550 U.S. at 545. Thus, the Court recommends Defendants' Motion with respect to this claim be denied.

c.  <u>Defendants Caldwell, Frederick, and Dahne</u>

Defendants' Motion argues in a conclusory fashion "any Eighth Amendment claims against these Defendants [Dahne, Frederick, and Caldwell] should be dismissed." Dkt. 27 at 12. Defendants' argument is presumably based on their position Plaintiff's other Eighth Amendment claims fail. Dkt. 27 at 12.

Based on the allegations in the Complaint, Defendant Dahne's involvement as a Grievance Coordinator appears to be limited to the routing of grievances and appeals to the appropriate higher-level staff. Plaintiff does not allege Defendant Dahne had any direct involvement in denying his grievances or any authority to prevent any future harm related to the alleged denial of soap. *See e.g.* Dkt. 5 at 82-83 (Defendant Dahne's name is stamped on Grievance No. 19628351 indicating he routed Plaintiff's appeal from SCCC to CBCC staff). The allegations related to Defendants Frederick and Caldwell are limited to the grievances attached to the Complaint wherein Defendant Frederick signed a letter to Plaintiff on behalf of Dale Caldwell indicating Plaintiff's appeal of Grievance No. 19682351 would remain administratively withdrawn. Dkt. 5 at 86. It does not appear Defendants Frederick or Caldwell made any determinations about the merits of Plaintiff's complaints and alleged denial of soap, but rather indicated Plaintiff's appeal was administratively withdrawn because of a timeliness issue. *See id.* Plaintiff's allegations about the roles of Defendant Dahne, Frederick, and Caldwell in the alleged denial of soap are too vague to demonstrate personal participation. *See Pena,* 976 F.2d at 471. Plaintiff does not allege Defendant Dahne, a Grievance Coordinator at SCCC or Defendants Frederick and Caldwell, Grievance Program Managers at DOC HQ in Olympia, had any authority or control of the issuance of Plaintiff's soap at CBCC. *See* Dkt. 5. Thus, the Court

recommends granting Defendants' Motion as to Plaintiff's claim against Defendants Caldwell, Frederick, and Dahne related to the alleged denial of soap, but granting Plaintiff leave to amend.

C. Leave to Amend

Based on the Complaint currently before the Court, Defendants are entitled to have their Motion granted as to all Plaintiff's claims, except Plaintiff's claim related to the denial of soap against Defendant Boe, *see supra*. However, the Ninth Circuit has established that pro se litigants bringing civil rights actions must be given an opportunity to amend their complaint to overcome deficiencies unless it is clear that such deficiencies cannot be overcome by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). Plaintiff may be able to overcome the deficiencies of his pleading if he is given an opportunity to amend some of his claims. Therefore, the Court recommends Plaintiff be allowed to submit an amended complaint as to any Eighth Amendment claims related to the denial of soap against Defendants Frederick, Sinclair, Thrasher, Caldwell, and Dahne and any Eighth Amendment claims related to the alleged denial of adequate food against Defendants Frederick, Sinclair, Thrasher, Caldwell, Dahne, and Boe . Plaintiff's remaining claims related to the grievance process fail as a matter of law, and the Court recommends those claims be dismissed without leave to amend.

**CONCLUSION**

For the reasons set forth above, the Court recommends denying Defendants' Motion as to Plaintiff's claim against Defendant Boe related to the denial of soap. The Court recommends granting Defendants' Motion but allowing Plaintiff leave to amend his Complaint with respect to his dismissed Eighth Amendment claims related to the alleged denial of soap and adequate food. The Court recommends that Plaintiff's amended complaint be filed by a date set by the Court. The Court recommends granting Motion as to all other claims without leave to amend.

1  The Court notes the following Defendants also remain in this case: Jane Doe #1, Jane Doe #2, Mary Curry, N. Fernelius, WP Aurich, and K Henry. Dkt. 5.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on August 21, 2020 as noted in the caption.

Dated this 23rd day of July, 2020.

*David W. Christel*
David W. Christel
United States Magistrate Judge