1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9

10

KYNTREL TREVYONE JACKSON,

11

Plaintiff,

12

v.

13

TIMOTHY M. THRASHER, et al.,

14

Defendant.

CASE NO. 3:20-CV-5016-BHS-DWC

REPORT AND RECOMMENDATION

Noting Date: April 30, 2021

15

16    The District Court referred this action, filed pursuant to 42 U.S.C. § 1983, to United

17 States Magistrate Judge David W. Christel. Currently pending before the Court is the motion of

18 defendants for summary judgment. Dkt. 45.

19    Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, alleges he has been

20 deprived of soap in violation of his Eighth Amendment rights because he has an allergy to the

21 only soap available to prisoners confined in the Intensive Management Unit ("IMU") of the

22 Clallam Bay Corrections Center ("CBCC"). Dkt. 5 at 1. Defendants have moved for summary

23 judgment, arguing plaintiff has failed to present evidence supporting his Eighth Amendment

24 claim, and defendants are entitled to qualified immunity. Dkt. 45.

REPORT AND RECOMMENDATION - 1

1    After reviewing the relevant record, the Court finds plaintiff has failed to adduce

2 evidence of a soap allergy sufficient to establish a serious risk to his health and safety and has

3 failed to show defendants were deliberately indifferent to any such risk in violation of the Eighth

4 Amendment. The Court therefore recommends defendants' summary judgment motion be

5 granted and plaintiff's Eighth Amendment claim for denial of soap, which is the only claim

6 remaining in this case, be dismissed.

7    **I.    Background and Procedural History**

8    Plaintiff, who is incarcerated by the Washington State Department of Corrections,

9 initiated this matter on January 6, 2020. Dkt. 1. Plaintiff's complaint names ten defendants, as

10 well as two "Jane Doe" nurse defendants: Stephen Sinclair (Department of Corrections ("DOC")

11 Secretary), Timothy Thrasher (DOC IMU Manager), Dennis Dahne (Grievance Coordinator at

12 Stafford Creek Corrections Center), Dale Caldwell (DOC Grievance Program Manager), Ronald

13 Frederick (DOC Grievance Program Manager), William Aurich, D.O. (CBCC Medical Director),

14 Jeri Boe (CBCC Superintendent), Mary J. Currey (DOC Assistant Secretary), N. Fernelius

15 (Clinical Nurse Educator) and K. Henry (CBCC Health Services Manager). Plaintiff alleges

16 defendants violated his rights under the First, Eighth, and Fourteenth Amendments when he was

17 denied soap, two meals and supplemental food, and was damaged by a defective grievance

18 process, while housed at the CBCC IMU. Dkt. 5. The complaint seeks monetary damages and

19 injunctive relief. *Id*.

20    On October 2, 2020, District Court Judge Benjamin H. Settle adopted the undersigned's

21 Report and Recommendation ("R&R"), granting in part the motion for judgment on the

22 pleadings brought by certain defendants and dismissing all of plaintiff's claims except the soap-

23

24

deprivation claim against defendant Boe.[1] Dkts. 43, 35. In his objections to the R&R, plaintiff stated he did not intend to amend his complaint, but the Court permitted plaintiff to file an amended complaint with respect to his Eighth Amendment claims if he chose to do so. Dkt. 35 at 16; Dkt. 43. The undersigned set an amendment deadline of November 6, 2020, warning that if an amended complaint were not filed, this case would proceed solely on the surviving soap-denial claim. Dkt. 44. In addition, the Court ordered plaintiff to file an amended complaint naming the two "Doe" defendants and warned they would be dismissed plaintiff failed to file an amendment. Dkts. 34, 44. On November 19, 2020—after defendants had filed their currently pending summary judgment motion and plaintiff had neither amended his complaint nor filed a response to the motion—this Court granted a further extension of the deadline to amend the complaint and extended the noting date of the summary judgment motion. Dkt. 53. Plaintiff filed an appeal of that order (Dkt. 57), and on January 26, 2021, Judge Settle affirmed the undersigned's order and found plaintiff had elected not to amend his complaint. Dkt. 63 at 2.

On October 27, 2020, defendants filed their motion for summary judgment, together with a Rand notice and the declarations of Christopher Gross, Dr. William Aurich, DO and Carol Smith. Dkts. 45, 46, 47, 48, 49. Plaintiff filed a response to defendants' motion on January 6, 2021. Dkt. 59. Defendants replied on January 8, 2021. Dkt. 60. On January 25, 2021, plaintiff filed an unauthorized sur-reply, which the Court has ordered the Clerk to strike and will not consider. Dkts. 62, 64.

---

[1] The motion was brought by defendants Boe, Caldwell, Dahne, Frederick, Sinclair and Thrasher. Dkt. 27. The R&R noted that in addition to defendant Boe, plaintiff's surviving claim also remained pending against non-moving defendants Aurich, Currey, Fernelius, Henry and the "Jane Doe" defendants. Dkt. 35 at 17.

1    **II.    Facts[2]**

2        Plaintiff alleges he has effectively been denied soap since January 2019 because he is

3    allergic to the only soap available on the IMU store list. Dkt. 5 at 7. This matter pertains to the

4    time period plaintiff was confined at the CBCC IMU—from February 13, 2019 to June 12, 2019.

5    *Id*.; Dkt. 47 at 2. Plaintiff has also filed two additional lawsuits alleging deprivation of soap for

6    the same reasons during his subsequent confinement at Washington Corrections Center ("WCC")

7    and Stafford Creek Corrections Center ("SCCC"). *See Jackson v. Sinclair*, No. 3:20-cv-5017-

8    BHS-JRC (claims arising during confinement at WCC); *Jackson v. Berkey*, No. 3:19-cv-6101-

9    BHS-DWC (claims arising during confinement at SCCC).

10        Plaintiff contends that although there are alternative soaps "readily available to [general]

11    population prisoners," defendants refused to provide plaintiff with an alternative to the soap

12    available to IMU prisoners. Dkt. 5 at 7. Plaintiff alleges that after he was transferred to the

13    CBCC IMU, he sent a total of 17 medical "kites" seeking alternative soap and was denied

14    alternative soap by, among others, defendants Henry and Aurich. *Id*. at 7, 13–29. Plaintiff claims

15    he was further denied soap by defendant Boe in her response to his Level II grievance appeal,

16    and was similarly denied soap upon his Level III appeal by defendants Fernelius and Curry. *Id*. at

17    7–8, 50, 54.

18        Defendants submitted the Declaration of Christopher Gross, who states prisoners in the

19    IMU have access to soap and other hygiene products, which are provided free of charge to

20

21

22        [2] The facts discussed herein are based upon plaintiff's verified complaint and its attachments, the materials plaintiff submitted in opposition to summary judgment, and the Declarations and exhibits submitted by defendants in support of summary judgment. Dkts. 5, 59,

23    46, 47, 48. This discussion is limited to facts involving the defendants remaining in this case and, unless necessary for clarity, does not address the acts or omissions of defendants who have been

24    dismissed.

indigent inmates. Dkt. 46 at 2. If a prisoner has a medical need for different soap, it could be provided if the inmate had a Health Status Report (HSR) from the medical department indicating a medical need. *Id*. An HSR is a method for health care staff to communicate essential information for management of patients to non-clinical prison staff. Dkt. 47 at 37. HSRs are issued by medical, mental health or dental staff and may provide access to devices or supplies not otherwise available if they are found by such staff to be medically necessary. *Id*.

Defendants also submitted a Declaration from defendant William Aurich, D.O., who is the Facility Medical Director at CBCC. Dkt. 47. Dr. Aurich states medical staff responded to plaintiff's kites seeking alternative soap by requesting he sign up for sick call so he could be evaluated. *Id*. at 2. This is a necessary step to determine whether an allergy exists; if an allergy is found, Dr. Aurich could issue an HSR to provide access to a medically necessary product—such as alternative soap—which would otherwise be unavailable. *Id*. at 3. Other than the HSR process, medical staff have no authority over the products available to prisoners. *Id*.

Despite repeated responses to plaintiff's kites instructing plaintiff to sign up for sick call, Dr. Aurich reports plaintiff did not do so. *Id*. at 5. Inmates are instructed upon arrival on how to obtain medical service. *Id*. Inmates may sign up for the twice-weekly IMU sick call with custody staff. *Id*. For IMU prisoners, medical staff go to the IMU for appointments. *Id*. Additionally, nurses make daily health and welfare rounds in the IMU, during which prisoners may come to their doors to be seen by medical staff. *Id*. Finally, an inmate may declare a medical emergency for urgent matters. *Id.* According to Dr. Aurich, notwithstanding multiple avenues to request a medical appointment, plaintiff refused to be seen for his soap concerns. *Id*.

Plaintiff contends his kites qualify as requests to sign up for sick call. Dkt. 59 at 2; Dkt. 59-2 at 10. But none of plaintiff's soap-related kites requested a medical appointment; instead,

they request only the issuance of alternative soap. Dkt. 5 at 13–29. Defendants have submitted

additional kites sent by plaintiff on mental health and dental issues, in which plaintiff does

request appointments. Dkt. 47-1 at 26, 28. Dr. Aurich states plaintiff did not utilize any of the

various methods available to him to request a medical appointment regarding his soap issues.

Dkt. 47 at 2.

Plaintiff was examined by Dr. Aurich on June 11, 2019, as part of a grievance

investigation. *Id*. Dr. Aurich's examination was conducted immediately after plaintiff had

showered and revealed "no signs or symptoms of allergies." Dkt. 47-1 at 30, 35. There was no

sign of any rashes, swelling, shortness of breath, or any other symptoms plaintiff had claimed.

Dkt. 47 at 2; Dkt. 47-1 at 35. Dr. Aurich was informed by several corrections officers that

plaintiff had been observed carrying state issued soap in his shower roll, and a search of

plaintiff's cell on the date of Dr. Aurich's examination revealed a "very used" bar of such soap in

plaintiff's shower roll. *Id*. at 30, 32. Plaintiff denies he used the IMU soap, contending his store

receipts show he made only one soap purchase during his four-month confinement at CBCC.

Dkt. 59 at 1, 6.

Dr. Aurich concluded, based upon his examination and the information he had received,

that plaintiff did not show any evidence of an allergy or any skin issues requiring medical

treatment. *Id*. at 2, 30–31. However, Dr. Aurich advised plaintiff to contact Dr. Aurich if allergy

symptoms were to arise, so plaintiff could be evaluated and—if an allergy were diagnosed—an

HSR could be issued for alternative hygiene products. *Id*.

## III.    Standard of Review

Summary judgment is proper only if the pleadings, discovery, and disclosure materials on

file, and any affidavits, show there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Mere disagreement or bald assertion stating a genuine issue of material fact exists does not preclude summary judgment. *California Architectural Building Products, Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987). Allegations based merely on the plaintiff's belief are insufficient to oppose summary judgment, as are unsupported conjecture and conclusory statements. *See Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"); *see also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

## IV.    Discussion

### A.  Defendants and Claims Remaining in this Case

At the time defendants filed their motion for summary judgment, it was not clear whether plaintiff would file an amended complaint. Thus, the summary judgment motion is brought on behalf of all of the named defendants. Dkt. 45. It is now established that plaintiff has elected not to amend his complaint. Dkt. 63. Accordingly, the undersigned recommends the prior dismissal of defendants Thrasher, Frederick, Caldwell, Dahne and Sinclair and the dismissal of plaintiff's

food-related claim for violation of the Eighth Amendment be converted to a dismissal with prejudice. Plaintiff's First Amendment claim alleging a defective grievance process has previously been dismissed with prejudice. Dkts. 35, 43.

In addition, the Court previously ordered Plaintiff to file an amended complaint naming the two "Doe" defendants and warned they would be dismissed if he failed to do so. Dkts. 34, 44. Plaintiff has not amended his complaint to name the two additional defendants, and they should therefore also be dismissed with prejudice.

Accordingly, the only claim remaining in this case is plaintiff's claim against defendants Boe, Aurich, Currey, Fernelius, and Henry for alleged denial of soap in violation of plaintiff's Eighth Amendment rights.

### B. Plaintiff's Eighth Amendment Claim

#### 1. Legal Standard

To state a claim for unconstitutional conditions of confinement, a plaintiff must establish a defendant's acts or omissions have deprived him of "the minimal civilized measure of life's necessities" and the defendant acted with deliberate indifference to an excessive risk to the prisoner's health or safety. *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1994) (quoting *Farmer v. Brennan,* 511 U.S. 825, 834 (1994)). "The circumstances, nature, and duration of a deprivation of [ ] necessities must be considered in determining whether a constitutional violation has occurred." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000), *cert. denied,* 532 U.S. 1065 (2001). To establish a violation of the Cruel and Unusual Punishment Clause, a prisoner must make an "'objective showing' that the deprivation was 'sufficiently serious' to form the basis for an Eighth Amendment violation." *Id*. (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, a prison official must have a "sufficiently culpable state of mind." *Id.* at 834 (internal quotations omitted). "In prison-conditions cases th[e] state of mind is one of 'deliberate

1  indifference' to inmate health or safety[.]" *Id.* (*citing Wilson*, 501 U.S. at 302–03). A prison

2  official does not act with deliberate indifference "unless the official knows of and disregards an

3  excessive risk to inmate health or safety." *Farmer,* 511 U.S. at 837.

4        The Ninth Circuit has held "[i]ndigent inmates have the right to personal hygiene

5  supplies such as toothbrushes and soap," and denial of these items could state a claim for lack of

6  sanitation. *Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996), *opinion amended on denial of*

7  *reh'g,* 135 F.3d 1318 (9th Cir. 1998). Other Circuits have found a temporary deprivation of

8  hygiene supplies does not rise to the level of an Eighth Amendment violation. *See Harris v.*

9  *Fleming*, 839 F.2d 1232, 1234–36 (7th Cir. 1988) (no violation when inmate was deprived of

10  soap, toothbrush, and toothpaste for ten days), and *Williams v. Delo*, 49 F.3d 442, 445–46 (8th

11  Cir. 1995) (denial of toothbrush, toothpaste, soap, and deodorant for four days was not a

12  deprivation of the minimal civilized nature of life's necessities). However, deprivation of hygiene

13  items for an "extended period of time" is more than a temporary deprivation and can meet the

14  objective prong of the Eighth Amendment analysis. *See Garcia v. Cluck*, No. 12-CV-718 AJB

15  NLS, 2012 WL 6045908, at *3 (S.D. Cal. Nov. 2, 2012), *report and recommendation*

16  *adopted,* No. 12CV718 AJB NLS, 2012 WL 6045937 (S.D. Cal. Dec. 5, 2012).

17        2.  <u>Plaintiff's Claim for Denial of Soap</u>

18        It is undisputed CBCC provides soap to residents in its IMU unit. Dkt. 5 at 7 (IMU store

19  list offers a "single option hygi[e]ne list"); Dkt. 46 at 2 ("inmates in the IMU have access to

20  hygiene products"). Plaintiff contends he is deprived of soap only because he claims he is

21  allergic to the provided product. *Id*. But plaintiff has failed to come forward with any evidence

22  he has such an allergy, aside from his own unsupported assertion. While this was sufficient at the

23  pleading stage, where plaintiff's allegations were taken as true, at the summary judgment stage

24  plaintiff must come forward with evidence to support his claim. *Celotex*, 477 U.S. at 322–23.

1   Furthermore, plaintiff has failed to establish defendants Aurich, Boe, Currey, Henry and

2   Fernelius acted with the requisite subjective deliberate indifference to his health and safety.

3                    *(a)      Serious Risk to Health and Safety*

4          Defendants' evidence shows plaintiff was examined by Dr. Aurich, who found no sign or

5   symptoms of a soap allergy or any skin issues. Dkt. 47 at 2; Dkt. 47-1 at 30–31, 35. Plaintiff

6   bears the burden to rebut this evidence and has failed to do so. Plaintiff provides only his own

7   conclusory statement that he previously had "bad reactions (allergies)" to the IMU soap. Dkt. 5

8   at 7. This bald statement, in addition to lacking a foundation in medical expertise, is also devoid

9   of any detail of the nature and circumstances of the alleged prior reaction.[3] At the summary

10  judgment stage, a plaintiff must come forward with evidence; allegations based merely on the

11  plaintiff's belief are insufficient to oppose summary judgment, as are unsupported conjecture and

12  conclusory statements. *See Hernandez*, 343 F.3d at 1112.

13         The Ninth Circuit has affirmed grants of summary judgment against prisoners under these

14  circumstances. In *Wilhelm v. Enenmoh*, 608 F. App'x 513, 514 (9th Cir. 2015), the Ninth Circuit

15  held plaintiff failed to establish a serious medical need for alternative soap or the deliberate

16  indifference of a prison doctor who denied a prescription for non-prison-issued soap. The district

17  court had found plaintiff was "not qualified to provide a medical opinion as to an alleged need

18  for medical soap" and plaintiff's medical records did not provide any evidence plaintiff was

19  _____

20         [3] Plaintiff's conclusory assertion of "bad reactions," fails to provide any supporting facts,
    or any evidence of a causal link between IMU soap and any alleged reaction, including, for
21  example: what and how serious any reactions were; when and how frequently they occurred;
    how much time has passed since the last reaction; whether any other potential medical conditions
22  or triggers could have caused the reactions (for example, plaintiff claims he is also allergic to
    toothpaste); whether plaintiff ever sought treatment or was diagnosed for his reactions in the past
23  and whether any medical expert has opined to a causal link between IMU soap and any alleged
    reaction. When a party bears the burden of proof on an issue, he must supply more than a mere
24  assertion that it is true. *Celotex*, 477 U.S. at 322–23.

allergic to the prison-provided soap or required a prescription for medicated soap. *Wilhelm v. Enenmoh*, No. 1:10-CV-01663-LJO, 2013 WL 3212367, at *6–7 (E.D. Cal. June 24, 2013), *aff'd*, 608 F. App'x 513 (9th Cir. 2015). In light of the lack of any allergy diagnosis, there was no evidence of deliberate indifference by the doctor and plaintiff failed to establish an Eighth Amendment claim. *Id. See also Martin v. Morris*, No. CV 10-5232-PSG PJW, 2013 WL 4588735, at *2–3 *(C.D. Cal. Aug. 28, 2013)*, *aff'd*, 586 F. App'x 358 (9th Cir. 2014) ("While Plaintiff contends he could not maintain his hygiene because he is allergic to prison soap and could not afford special soap, Defendant doctors never diagnosed him with a soap allergy"; therefore, defendants were entitled to summary judgment because "Plaintiff bears the burden of establishing that he was allergic to prison soap and needed special soap to maintain his hygiene and he failed to do so here"); *Parks v. McDaniel*, No. 03:06-CV-00095LRHVPC, 2007 WL 2891499, at *10 (D. Nev. Sept. 28, 2007) (An allegation of an allergy to soap, without proof of the allergy or the harm it inflicts, is not enough to meet the "objectively, sufficiently serious" deprivation requirement.).

As in *Wilhelm*, *Martin* and *Parks*, plaintiff here has not come forward with medical—or any other—evidence establishing a soap allergy, whereas defendants have provided evidence that an examination of plaintiff revealed no evidence of an allergy or other skin issues. At the summary judgment stage, plaintiff's conclusory assertion of an allergy, unsupported by any evidence, is insufficient to establish a dispute of material fact regarding the existence of a serious risk to his plaintiff's health and safety—an issue upon which plaintiff bears the burden of proof.[4]

---

[4] Plaintiff has made reference to a prior case in which his claim of a toothpaste allergy survived summary judgment. *Jackson v. Dep't of Corr. Washington*, No. C16-1856-RAJ-MAT, 2018 WL 1867124 (W.D. Wash. Feb. 22, 2018), *report and recommendation adopted*, No. C16-1856-RAJ, 2018 WL 1836777 (W.D. Wash. Apr. 18, 2018). That case, which was not reviewed

1          *(b)     Deliberate Indifference*

2          Furthermore, the evidence also establishes defendants were not deliberately indifferent to

3     plaintiff's claims of a soap allergy. A prison official will not be found deliberately indifferent to

4     a prisoner's serious medical needs "unless the official knows of and disregards an excessive risk

5     to inmate health or safety." *Farmer*, 511 U.S. at 837. "[T]he official must both be aware of facts

6     from which the inference could be drawn that a substantial risk of serious harm exists, and he

7     must also draw the inference." *Id.*

8          Plaintiff has not presented evidence any defendant acted with the required state of mind.

9     None of the defendants refused medical care to plaintiff. Instead, plaintiff was repeatedly urged

10    to schedule an examination to determine whether he had an allergy. Dkt. 47 at 2. If an allergy

11    were established, Dr. Aurich could have issued an HSR for alternative soap. Dkt. 47 at 3. But

12    without a diagnosis to support an HSR, medical personnel have no authority to alter the list of

13    available products. *Id.*

14         Plaintiff contends he did request medical appointments by virtue of filing his medical

15    kites, but his assertion is contradicted by the content of the kites themselves. Each requests only

16    that the IMU store list be changed to include additional soap alternatives—relief plaintiff was

17    repeatedly informed was not available from the medical department. Dkt 5 at 13–29; Dkt. 47 at

18    3. Plaintiff's mental health and dental kites demonstrate plaintiff knew how to schedule medical

19    appointments by requesting them in his kites—which is absent from his 17 soap-related

20    messages. Dkt. 47-1 at 26, 28. Further, plaintiff had additional methods of scheduling available

21

22    _____

23    by the Ninth Circuit, is not binding on this Court. The Court instead finds persuasive the
      decisions in *Wilhelm* and *Martin*, which the Ninth Circuit has reviewed and affirmed.

24

1   to him, such as contacting custody staff or speaking with nurses during their daily rounds, but did

2   not use them to schedule a medical evaluation. Dkt. 47 at 2–3, 30, 35.

3           When plaintiff was finally seen by Dr. Aurich, he presented with no signs of allergy or

4   skin issues. Dkt. 47 at 2. Dr. Aurich noted the examination took place immediately after

5   plaintiff's shower, and Dr. Aurich was informed by several corrections officers that plaintiff had

6   taken state-issued soap to the shower, and a "well-used" bar of it was found in plaintiff's cell

7   afterward. Dkt. 47-1 at 30, 32, 35. Plaintiff denies he used the soap, pointing to evidence he

8   made only one purchase of soap during his four months at CBCC. Dkt. 59 at 1, 6. But whether

9   plaintiff actually used the soap is immaterial; what is significant is Dr. Aurich was presented

10  with, and believed, evidence of plaintiff's use of the soap without showing signs of allergy. In

11  other words, the information upon which Dr. Aurich was acting indicated there was no serious

12  risk to plaintiff's health and safety. Dr. Aurich's medical judgment that plaintiff did not suffer

13  from a soap allergy cannot be deemed deliberately indifferent.

14          Defendants Boe and Curry merely responded, respectively, to Level II and III grievance

15  appeals after Dr. Aurich's examination had resulted in the denial of plaintiff's grievance at Level

16  I. Neither is a medical professional, and both reasonably relied upon Dr. Aurich's examination

17  and medical conclusion that plaintiff had not shown symptoms of a soap allergy. Prison officials

18  who are not medical providers are not deliberately indifferent when they defer to the judgment of

19  treating medical providers. *See Spruill v. Gillis,* 372 F.3d 218, 236 (3rd Cir. 2004); *Hayes v.*

20  *Snyder,* 546 F.3d 516, 526–28 (7th Cir. 2008); *cf. Peralta v. Dillard,* 744 F3d 1076, 1086–87

21  (9th Cir. 2014) (non-specialist doctor was not deliberately indifferent when he deferred to

22  specialist). Plaintiff has not established defendants Boe and Curry acted with deliberate

23  indifference to a serious risk to his health and safety.

24

REPORT AND RECOMMENDATION - 13

1    Finally, defendant Henry responded to one of plaintiff's medical kites by requesting he

2   sign up for sick call to be examined for a soap allergy. Dkt 5 at 18. Defendant Fernelius

3   investigated the Level III grievance response, affirming the appropriateness of the advice to be

4   seen by a medical provider. Dkt. 5 at 54. A medical examination is a necessary step to determine

5   whether a lack of alternative soap posed a serious risk to plaintiff's health and safety. *Wilhelm*,

6   2013 WL 3212367, at *6–7; *Martin* 2013 WL 4588735, at *2–3; *Parks* 2007 WL 2891499, at

7   *10. There is no evidence these defendants acted with deliberate indifference when they required

8   plaintiff to take the first step necessary to determine whether a serious risk to plaintiff's health

9   and safety existed.

10    Plaintiff's Eighth Amendment claims against the defendants remaining in this case

11   (Aurich, Boe, Curry, Fernelius, and Henry) should be dismissed because plaintiff has failed to

12   meet his burden to establish an Eighth Amendment violation.

13    *C.  Qualified Immunity*

14    Because the Court recommends dismissal of all of plaintiff's claims on other grounds, it

15   does not reach defendants' argument they are also entitled to qualified immunity.

16    *D.  In Forma Pauperis Status on Appeal*

17    *In forma pauperis* status on appeal shall not be granted if the district court certifies

18   "before or after the notice of appeal is filed" "that the appeal is not taken in good faith[.]"  Fed.

19   R. App. P. 24(a)(3)(A); see also 28 U.S.C. § 1915(a)(3). A plaintiff satisfies the "good faith"

20   requirement if he seeks review of an issue that is "not frivolous," and an appeal is frivolous

21   where it lacks any arguable basis in law or fact. *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir.

22   1977); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

23

24

1    Here, as noted above, plaintiff has failed to adduce sufficient evidence to defeat summary

2    judgment on all of his claims. Accordingly, the undersigned recommends plaintiff's *in forma*

3    *pauperis* status be revoked for purposes of any appeal.[5]

4    ## V.    Conclusion

5    For the above stated reasons, the Court recommends defendants' Motion for Summary

6    Judgment (Dkt. 45) be granted, plaintiff's claims should be dismissed with prejudice and this case

7    should be closed.

8    Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen

9    (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure

10   to file objections will result in a waiver of those objections for purposes of *de novo* review by the

11   district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R.

12   Civ. P. 72(b), the clerk is directed to set the matter for consideration on April 30, 2021 as noted in

13   the caption.

14   Dated this 13th day of April, 2021.

15

16   David W. Christel

17   United States Magistrate Judge

18

19

20   [5] While the Court concludes there is insufficient basis for plaintiff's claims to support IFP
status on appeal, the Court declines defendants' request to find this lawsuit was frivolous. The
Court previously determined plaintiff's allegations were adequate to survive a motion under Fed.

21   R. Civ. P. 12(c). Dkt. 35. Although plaintiff has not submitted sufficient evidence for his claims
to survive summary judgment, the Court does not find them sufficiently frivolous or malicious to

22   merit the requested finding. In addition, defendants' contention that plaintiff needlessly
multiplied this litigation by filing separate claims for each facility in which he was confined is

23   without merit; the Court *required* plaintiff to separate his claims, which were brought against
unrelated defendants, based upon unrelated events. *Jackson v. Berkey*, No. 3:19-cv-6101-BHS,

24   Dkt. 10.